THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OPINION WHEREIN YOU ASK:
 CAN A PRIVATE SCHOOL BE REQUIRED TO BE A MEMBER OF A PRIVATE ASSOCIATION AS A PREREQUISITE FOR OBTAINING A LICENSE WITH THIS BOARD?
SECTION 59 O.S. 21-107 OF TITLE 59 OF THE OKLAHOMA STATUTES PROVIDES:
 "THE BOARD SHALL FIX MINIMUM STANDARDS FOR PRIVATE SCHOOLS, WHICH SHALL INCLUDE STANDARDS FOR COURSES OF INSTRUCTION AND TRAINING, QUALIFICATIONS OF INSTRUCTORS, FINANCIAL STABILITY, ADVERTISING PRACTICES, AND REFUND OF TUITION FEES PAID BY STUDENTS FOR COURSES OF INSTRUCTION OR TRAINING NOT COMPLETED, AND SHALL PROMULGATE AND ADOPT REASONABLE RULES AND REGULATIONS FOR THE IMPLEMENTATION OF SUCH MINIMUM STANDARDS FOR THE OPERATION OF PRIVATE SCHOOLS."
THE STATUTE IS UNAMBIGUOUS IN THAT IT HAS BEEN PHRASED TO ALLOW ONLY THOSE AREAS EXPRESSED IN THE STATUTE AS AREAS WHEREIN THE BOARD MAY SET SUCH MINIMUM STANDARDS. PURSUANT TO THE LEGAL MAXIM EXPRESSION UNIUS EST EXCLUSIO ALTERIUS, IT IS IMPLIED THAT THE EXPRESSION BY THE LEGISLATURE OF AN ITEM IN A CERTAIN SET EXCLUDES ALL OTHERS NOT EXPRESSED. SPIERS V. MAQNOLIA PETROLEUM CO., 244 P.2D 852 (OKL. 1951). THIS MAXIM IS NOT A RULE OF LAW AND CANNOT OVERRIDE THE LEGISLATIVE INTENT OF A STATUTE. SPIERS, AT 856. HOWEVER, IT APPEARS TO HAVE APPLICATION IN THIS MATTER.
I NOTE THAT SECTION 21-107 STATES THAT THE AUTHORITY OF THE BOARD ". . . SHALL INCLUDE . . ." AS OPPOSED TO ". . . SHALL INCLUDE, BUT IS NOT LIMITED TO. . . ." THIS IMPLIES TO ME THE LIMITATION OF THE STATUTE TO ENUMERATED ITEMS. THOSE ITEMS, AS LISTED ABOVE, DO NOT INCLUDE AN AREA BY WHICH THE BOARD COULD REQUIRE MEMBERSHIP BY A PRIVATE SCHOOL IN A PRIVATE ASSOCIATION AS A PREREQUISITE TO LICENSURE.
AS SUCH, IT IS MY OPINION THAT THE BOARD MAY NOT REQUIRE MEMBERSHIP BY A PRIVATE SCHOOL IN A PRIVATE ASSOCIATION AS A PREREQUISITE TO LICENSURE BY THE BOARD.
(JAMES ROBERT JOHNSON)